**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40684
Summary Calendar

THOMAS EDWARD RODRIGUEZ,

Plaintiff-Appellant,

versus

ROBERT HERRERA, ET AL.,

Defendants

JOSEPH A. AMOS, CO; JOY L. HARRIS, CO;
MICHAEL WOOD, CO.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-645

April 15, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas Edward Rodriguez, Texas prisoner # 553119, filed a 42 U.S.C. § 1983 action against

Robert Herrera, Assistant Warden; William R. Watts, Captain; Raymond Byrd, Major; David Poston,

Major; Bill Cheatham, "BOC Representative"; Joseph A. Amos, Correctional Officer; Joy L. Harris,

Correctional Officer; Kevin Harvey, Correctional Officer; Michael Wood, Correctional Officer; James

L. Pate, Lieutenant; Ralph L. England, Sergeant; Rickey D. Kilgore, Captain; Timothy Wayne

Meyers, Sergeant; T. Wardell, Unit Classification Officer; and John Doe (collectively, "Defendants").

Rodriguez alleged that Defendants were deliberately indifferent to his safety because they allowed

him to be attacked by another inmate.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Rodriguez contended that Herrera, Watts, Byrd, Poston, Cheatham, Pate, England, Kilgore, Meyers, and Wardell also failed to implement a proper policy with regard to the handcuffing and escorting of assaultive prisoners. He also averred that Cheatham erroneously denied him protective-custody status.

Finally, Rodriguez alleged that Amos, Wood, and Harris conspired to solicit and encourage inmate Sam Slaughter to attack him. He averred that the attack was in retaliation for his having filed a prior lawsuit against prison officials. In his complaint, Rodriguez requested that the matter be tried by a jury.

A Spears hearing was held. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Following the Spears hearing, the district court dismissed the claims against all of the defendants except Amos, Harris, and Wood. We have reviewed the record and the briefs on appeal and affirm the dismissal of the claims against Herrera, Watts, Byrd, Poston, Cheatham, Pate, England, Kilgore, Meyers, and Wardell for the reasons adopted by the district court. See Rodriguez v. Herrera, No. 6:96-CV-645 (E.D. Tex. Feb. 7, 1997).

The magistrate judge then issued an order scheduling an evidentiary hearing pursuant to Flowers v. Phelps, 956 F.2d 488 (5th Cir.), modified on other grounds, 964 F.2d 400 (5th Cir. 1992) ("Flowers hearing"). Based on the evidence presented at this hearing, the magistrate judge recommended that Rodriguez's remaining claims against Amos, Wood, and Harris be dismissed. The district court adopted the magistrate judge's recommendation and dismissed Rodriguez's complaint with prejudice.

Rodriguez was unaware that the Flowers hearing amounted to a bench trial and a final disposition of his claims. We hold today that Rodriguez did not waive his jury demand by participating in the Flowers hearing without objection. See McAfee v. Martin, 63 F.3d 436, 437-38 (5th Cir. 1995). In McAfee, the court stated that "because the right to a jury trial is a fundamental right . . . courts should indulge every reasonable presumption against waiver . . . A waiver should not be found in a doubtful situation." Id. at 437 (internal quotations and citations omitted).

2

Notwithstanding that Rodriguez's demand for a jury trial was denied in error by the district court, we may consider the error harmless "if the evidence could not have withstood a motion for a directed verdict at trial." McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998) (citation omitted). A directed verdict should be granted "[i]f the facts and inferences point so strongly and overwhelmingly in favor of the party that the Court believes that reasonable men could not arrive at a contrary verdict." Id. (internal quotes and citation omitted).

Rodriguez failed to show that Harris was deliberately indifferent to a serious threat of harm inasmuch as he failed to demonstrate an awareness of facts on the part of Harris that would have allowed her to conclude that Rodriguez was at risk of harm. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Rodriguez's failure-to-protect claim against Harris could not have withstood a motion for a directed verdict. Thus, the district court's dismissal of the claim was harmless. See McDonald, 132 F.3d at 230. We also find that the dismissal of Rodriguez's failure-to-protect claim against Amos and Wood was harmless for the same reasons.

We further affirm the district court's dismissal of Rodriguez's conspiracy claim against Harris. Rodriguez failed to show that Harris was involved in the retaliatory conspiracy against him, see Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1990), and thus his claim would have been amenable to a directed verdict. Finally, we affirm the dismissal of the conspiracy claims against Amos and Wood. Although the resolution of Rodriguez's conspiracy claim against Amos and Wood clearly involved credibility determinations based on conflicting testimony, and determinations of credibility are the province of the jury, see Martin v. Thomas, 973 F.2d 449, 453 (5th Cir. 1992), Rodriguez did not preserve this claim by briefing it on appeal.

Thus, notwithstanding Rodriguez's jury demand and the doubtful nature of his understanding that he was participating in a bench trial, we have no basis on which to reverse the judgment of the district court, as any error it committed was either harmless or not properly preserved for appeal. We affirm the judgment of the district court.

AFFIRMED.